UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darrell D. Smith, | File No. 23-CV-02866 (JMB/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| B. Eischen, | |
| Respondent. | |

---

Darrell D. Smith, Duluth, MN, self represented.

Adam J. Hoskins and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondent B. Eischen.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Shannon G. Elkins, dated November 7, 2024 (Doc. No. 21), on Petitioner Darrell D. Smith's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Smith objected to the R&R (Objection) (Doc. No. 22) and Respondent B. Eischen responded. (Doc. No. 24.) For the reasons explained below, the Court will overrule the Objections and adopt the R&R.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

1

Smith is serving a 175-month term of imprisonment following his guilty plea to one count of wire fraud and one count of aggravated identity theft. *See United States v. Smith*, No. 6:17-CR-2030 (LRR/MAR) (N.D. Iowa). On September 18, 2023, Smith filed a petition for writ of habeas corpus challenging the Bureau of Prisons' (BOP) calculation of his earned time credits (FTCs) under the First Step Act. (Doc. No. 1.) In particular, Smith alleged that the BOP erred when it failed to accord FTC credit to the twenty-four days in which he was in transit between BOP facilities, and the BOP impermissibly reduced his earned FTCs from fifteen days per thirty day period to ten days per thirty day period for the period between December 21, 2018 through July 31, 2019, resulting in a total loss of thirty-five days of earned FTCs.

After a thorough review of the record, the Magistrate Judge recommended denying Smith's request for habeas relief. The Magistrate Judge found that Smith had already received the maximum reduction in sentence from FTC accrual—365 days—and thus Smith's allegations of miscalculation of FTCs bore solely on his eligibility for prerelease placement in a Residential Reentry Center (RRC) or on home confinement. Noting the long line of cases barring habeas petitions in precisely such circumstances, the Magistrate Judge recommended denying the petition.

## DISCUSSION

Smith now objects to the R&R, arguing that the Magistrate Judge erred in concluding that habeas did not provide the proper remedy for his claim. Because the Court concurs with the Magistrate Judge's analysis, the Court adopts the recommendation.[1]

The First Step Act provides prisoners the opportunity to accrue time credits through successful participation in "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Prisoners who successfully participate in eligible programming may accrue FTCs according to the length of their participation. Up to 365 days of these FTCs may be applied to reduce a prisoner's overall sentence. *See* 18 U.S.C. § 3624(g)(3). Additional time credits accrued in excess of 365 days will not be used to reduce a prisoner's overall length of confinement; however, they may be credited to advance the date on which a prisoner is placed on home confinement or in an RRC, while remaining in BOP custody. *See* 18 U.S.C. § 3632(d)(4)(C).

---

[1] The Court conducts a de novo review of any portion of an R&R to which a petitioner has properly objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). In his Objections, Smith raises a new argument which did not appear in his original petition: that the First Step Act arbitrarily discriminates against inmates with sentences in excess of thirty-six months. (*See* Doc. No. 22 at 29– 32.) The Court will not consider new arguments presented for the first time in the objections to an R&R. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (affirming district court's refusal to hear argument raised for the first time in an objection to an R&R, for "[plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived"); *Nhut Le v. Wells Fargo Bank, N.A.*, No. 13-CV-1920 SRN/JJK, 2014 WL 1672353, at *3 (D. Minn. Apr. 28, 2014), *aff'd*, 595 F. App'x 661 (8th Cir. 2015) (concluding that "plaintiffs are not permitted to raise new arguments" in an objection to R&R). Moreover, this argument amounts to a new claim based on arbitrary disparate treatment of federal inmates. The Court cannot permit Smith to impliedly amend his petition in the form of an objection to the R&R. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (concluding that Rule 15 of the Federal Rules of Civil Procedure governs motions to amend habeas petitions).

In this case, Smith has already received the maximum 365 days of FTCs, resulting in a one-year reduction to his overall sentence. (*See* Doc. No. 11-2 at 1; Doc. No. 22 at 33.) Additional FTCs that he accrues will not accelerate the date of his transfer to supervised release.

The Court concurs with the Magistrate Judge's conclusion that petitions seeking relief in the form of prerelease placement on home confinement or in an RRC are challenges to the conditions of confinement while in BOP custody. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (describing home confinement as a "place of imprisonment"); *see also Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *5 (D. Minn. Nov. 3, 2022), *aff'd*, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023) (explaining that prerelease custody "is just another form of BOP custody"); *Gant v. King*, No. 23-CV-1766 (NEB/ECW), 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the place of the prisoner's confinement.").

The Eighth Circuit has consistently held that a habeas petition is not the appropriate vehicle by which to challenge conditions of confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (finding that "a habeas petition is not the proper claim to remedy [conditions of confinement]"); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, . . . then a writ of habeas corpus is not the proper remedy.").[2] Smith correctly notes that

---

[2] Insofar as Smith identifies out-of-circuit district court caselaw contrary to the Magistrate Judge's ruling, the Court will follow the caselaw of the Circuit in which it sits. *See Sichting*

4

neither *Houck* nor *Spencer* concern the calculation of earned time credits under the First Step Act. They remain controlling, however, because they concern habeas challenges to conditions of confinement while in BOP custody. The Court sees no grounds to conclude that the passage of the First Step Act altered these holdings.

Therefore, the Court adopts the recommendation of the Magistrate Judge.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Petitioner's Objections (Doc. No. 22) to the R&R.
2. The Court ADOPTS the R&R (Doc. No. 21) and dismisses Petitioner's petition without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 7, 2025                                /s/ *Jeffrey M. Bryan*
                                                    Judge Jeffrey M. Bryan
                                                    United States District Court

---

*v. Rardin*, No. 24-CV-3163 (SRN/DTF), 2024 WL 4785007, at *2 (D. Minn. Nov. 14, 2024) (explaining that Eighth Circuit precedent controls in the District of Minnesota) (citing *Spencer*, 774 F.3d at 469–71).